**BROOK REINHARD**, OSB #094823
brook@reinhard.law
**REINHARD LAW**
180 West "B" Street, Bldg. P
Springfield, OR 97477
458-240-2009

Attorney for Plaintiff William Pitner

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| WILLIAM PITNER, an individual, | Case No. |
| Plaintiff, | COMPLAINT |
| vs. | 42 USC 1983 |
| **SUTHERLIN POLICE DEPARTMENT**, a government entity; **CHIEF TROY MILLS**, an individual and in his official capacity; **CAPTAIN KURT SORENSON**, an individual and in his official capacity, **SERGEANT BEN WOODWARD,** an individual and in his official capacity; **the CITY OF SUTHERLIN, a government entity, and JOHN DOES** 1-10, individually and in their official capacities. | DEPRIVATION OF CIVIL RIGHTS, UNLAWFUL SEIZURE, AND EXCESSIVE USE OF FORCE |
| | PUNITIVE DAMAGES REQUESTED. TOTAL DEMAND: $250,000. |
| | ATTORNEYS FEES REQUESTED |
| | DEMAND FOR JURY TRIAL |

**NATURE AND PURPOSE OF THE ACTION**

1.    This is a civil action for damages and attorney fees. Plaintiff brings this action under 42 USC 1983 because his constitutional right to be free from unreasonable seizure was violated by the actions of members the Sutherlin Police Department when plaintiff was arrested on July 15,

1 – COMPLAINT

2024 absent probable cause that he had committed a crime.

## JURISDICTION

2.    This Court has original jurisdiction over the City of Sutherlin, Sutherlin Police Department, Sergeant Ben Woodward and other members of the Sutherlin Police Force because this action is a federal question under 28 USC 1331 and 1343 for the reason that plaintiff is suing pursuant to 42 USC 1983.

## VENUE

3.    Venue in this Court is appropriate, pursuant to 28 USC §1391(b) and LR 3-2, because the events or omissions that give rise to these claims occurred in Sutherlin, Douglas County, State of Oregon which is within this judicial district.

## STATE ACTION

4.    At all relevant times, Defendants SPD, Mills, Sorenson, Woodward, and the City of Sutherlin acted under the color of state law when they subjected Plaintiff to the wrongs plead below.

## TIMELINESS

5.    This complaint is filed within two (2) years from the date of injury. ORS 12.110. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). A state tort claim notice was timely filed on January 10, 2025.

## FACTS

6.    The relevant facts that give rise to this complaint occurred on July 15, 2024. In the early evening on that date between 6:22 and 7:22 p.m.[1], Sutherlin Police were "securing the residence"

---

[1] A police report indicates this occurred at 7:22 p.m. Body camera footage indicates 2:22 a.m. on 7-16, set at Greenich Mean Time, or GMT. There is a -7 or -8 hour time difference from GMT to Pacific Time, depending on daylight savings time, hence, this occurred at either 6:22 p.m. or 7:22 p.m., if the camera times are accurate.

of 300 NW Pine Street in Sutherlin while they wrote a search warrant, which they would later serve on the property. Officers had body-worn cameras that recorded the majority of the interactions. Mr. William Pitner and his wife Penny own the property, but did not live there at the time[2]. Neither William nor Penny Pitner was the target of the prospective warrant or the police investigation.

7.      Mr. Pitner had been checking his mailbox at the front of the driveway, and was walking back towards his wife, and law enforcement, on the gravel patch separating the yard and the street, when Sgt. Woodward unlawfully seized Mr. Pitner and interfered with his rights under the 4th and 14th amendments. Sgt. Woodward approached Mr. Pitner, who had just turned 75 the day previous and is very hard of hearing. Mr. Pitner was walking toward him. At this point, no warrant had been issued, nor did Sgt. Woodward have probable cause that Mr. Pitner had committed a crime. Sgt. Woodward quickly walked toward Plaintiff and said "Hey, get off the property … get off the property." About 2 seconds later he grabbed Mr. Pitner's arms, as Mr. Pitner continued walking parallel to the street on the gravel, and told him to turn around and put his hands behind his back, put his arms together, and drop his keys. He told Mr. Pitner he was under arrest, and likely going to be taking him to jail, and told him, when Mr. Pitner asked what he was being arrested for, that it was for "Interfering[3]."

---

[2] Mr. Pitner was checking mail at the residence as it is a legal address for him, but the couple reside about two miles away on a farm.

[3] Presumably, Woodward was referring to ORS 162.247, which states as follows:

A person commits the crime of interfering with a peace officer or parole and probation officer if the person, knowing that another person is a peace officer or a parole and probation officer as defined in ORS 181A.355, intentionally or

3 – COMPLAINT

8.    Sgt. Woodward then threatened to arrest Mrs. Pitner if Mr. Pitner did not drop his keys. Sgt. Woodward told the Pitners the property "was ours right now" … "under police control." He falsely told Mr. Pitner he had a search warrant[4], but refused to show a copy of the warrant or related paperwork to him.

9.    Sgt. Woodward placed Mr. Pitner, with his hands cuffed painfully behind his back, into the back of his squad car before the sergeant calmed down and released Mr. Pitner. About 10 minutes had elapsed from the time Sgt. Woodward approached Plaintiff and when he let him out of the squad car. As Woodward removed the handcuffs, Mrs. Pitner told him that her husband was "hurting", and Sgt. Woodward told her, "It's not comfortable, it's not meant to be." After letting him out of the car, Sgt. Woodward bragged to Mr. Pitner that he had already been sued five times and still had his officer certification. Mr. Pitner told Sgt. Woodward he would be suing him for the deprivation of his civil rights and his officer certification.

10.    The police target of the investigation that night were the couple's adult son, Joshua Pitner, and other individuals who had been living with Joshua Pitner at the Pine Street House without the Pitners' permission. Joshua Pitner had already been arrested prior to this incident on

---

knowingly acts in a manner that prevents, or attempts to prevent, the peace officer or parole and probation officer from performing the lawful duties of the officer with regards to another person or a criminal investigation.

**(2)** Interfering with a peace officer or parole and probation officer is a Class A misdemeanor.

**(3)** This section does not apply in situations in which the person is engaging in passive resistance.

**(4)** A person may not be arrested or charged under this section if the person is arrested or charged for another offense based on the same conduct.

[4] A search warrant would be later approved by Douglas County Circuit Court Magistrate Judge Jason Thomas about 7:40 that evening.

4 – COMPLAINT

drug and domestic violence charges. After Plaintiff's unlawful seizure on July 15, 2024, city police officers absolutely refused to assist Mr. or Mrs. Pitner in regaining control of their house on Pine Street, claiming it was a rental and that there was nothing they could do about it. Mr. Pitner would complain four separate times, subsequent to this date, to the police department and ask for assistance in removing squatters from the Pine Street Home. The city refused to provide any relief, and as a result of Sgt. Woodward's unlawful arrest of Mr. Pitner, he felt vulnerable to further unlawful action from the City of Sutherlin if he fully enforced his property rights. This led to significant monetary damages to the property, including all of Mr. Pitners' tools being stolen, the wiring gutted in the house, cars on the property being vandalized and destroyed, the house and accompanying RV being burglarized, and a near total loss of use of the property.

## FIRST CLAIM FOR RELIEF

(Violation of Constitutional Right to Substantive Due Process-Unreasonable Seizure)
(42 U.S.C. § 1983, Fourth and Fourteenth Amendments to the U.S. Constitution)

21.     The foregoing paragraphs are incorporated herein by reference.

22.     By their action described herein, the individual defendants deprived plaintiff of his constitutional right to be free from unreasonable seizure.

23.     Defendants SPD, Mills, Sorenson, Woodward, and the City of Sutherlin acted under the color of state law, ordinance, regulation, policy, custom, or usage when they deprived Plaintiff of rights and privileges secured to him under the Fourth and Fourteenth Amendments of the United States Constitution by subjecting Plaintiff to unreasonable seizure with deliberate indifference to his liberty interests or his interest in maintaining and protecting his private property. Defendants Mills, Sorenson, Woodward and other unnamed officers acted in the course of their employment for SPD.

24.     Defendants SPD, Mills, Sorenson, Woodward, other unnamed officers, and the City of

5 – COMPLAINT

Sutherlin violated clearly established statutory and/or constitutional rights of Plaintiff by arresting him absent probable cause and acting with deliberate indifference in one or more of the following particulars:

a. Sgt. Woodward arrested and detained Plaintiff absent probable cause that he had committed a crime.

b. Sgt. Woodward either knew or should have known there was no objective basis to believe there was probable cause to arrest Plaintiff.

c. Sgt. Woodward arrested Plaintiff when he knew or should have known that he did not possess a subjective belief there was probable cause to arrest Plaintiff.

d. Sgt. Woodward deliberately used excessive force in the detention/arrest of Plaintiff, evidenced by both his actions and words toward the Pitners that evening.

e. Other officers directly participated in the constitutional deprivation by failing to prevent the unlawful seizure of Mr. Pitner and allowing him to remain painfully handcuffed in the back of Sgt. Woodward's squad car.

f. Sgt. Woodward's superior officers, including Sorenson and Mills, failed to adequately supervise Sgt. Woodward to avoid violations of constitutional rights.

24. Defendants acted under the color of state law, ordinance, regulation, custom, or usage when they deprived plaintiff of the rights and privileges secured to him under the United States Constitution, to wit: plaintiff's liberty interests in being free from unreasonable seizure.

25. As a result of the actions and inactions of the defendants, plaintiff suffered pain from being handcuffed with his hands behind his back, public humiliation, shame, and emotional distress.

26. As a result of the actions and calculated indifference of the defendants, plaintiff suffered

severe financial losses in the form of thefts, vandalism and trespasses to his Pine Street property.

27. As a result of the actions and inactions of the defendants, plaintiff suffered non-economic damages in an amount to be determined at trial for emotional distress.

28. As a result of the actions and inactions of the defendants, plaintiff suffered economic damages including diminished value of his real estate and personal property at the Pine Street Property.

29. The actions of the individual defendants in this case were malicious, deliberate or with reckless disregard to the effect of their actions, and conducted with knowledge of, or conscious disregard of, the harm that would be inflicted upon plaintiff. As the result of the previously described conduct, plaintiff is entitled to punitive damages against the individual defendants in an amount sufficient to punish them; deter future like conduct; and deter like conduct of others.

30. Plaintiff was required to hire an attorney to represent him in this matter and is entitled to an award of reasonable fees and costs pursuant to 42 U.S.C. § 1988.

31. Plaintiff is entitled to a jury trial.

## SECOND CLAIM FOR RELIEF

**(Local Government Claim- 42 U.S.C. § 1983)**
**(Unreasonable Seizure)**
(*under Castro v. Cty. of Los Angeles*)
(Defendants SPD and City of Sutherlin)

32. The foregoing paragraphs are incorporated herein by reference.

33. Defendants SPD and the City of Sutherlin failed to properly train their officers in the probable cause standard when making an arrest and/or have allowed similar incidents through their failure to discipline or train Sgt. Woodward. SPD and the City encouraged or acquiesced to

such conduct by its officers; has tacitly encouraged or acquiesced to the unlawful conduct by failing to train, discipline, or supervise their officers thereby evincing a deliberate indifference towards plaintiff's constitutional rights sufficient to support a verdict that SPD/City of Sutherlin policies, customs, or practices caused the unlawful arrest of plaintiff, thereby making SPD and the CIty liable for the acts of the individual defendants. Defendants Woodward, Mills and Sorenson acted in the course of their employment for SPD and the City.

34.    Defendant SPD and the City ratified the conduct of Defendants Deputy Black and Sgt. Dorland by failing to discipline and failing to admit error.

35.    As a result of the actions and inactions of the defendants, plaintiff suffered non-economic damages in an amount to be determined at trial for pain, humiliation, and emotional distress

36.    As a result of the actions and inactions of the defendants, plaintiff suffered economic damages including the loss of real property at the Pine Street house through vandalism and theft that SPD, the City and the individual named plaintiffs should have prevented.

37.    Plaintiff was required to hire attorney(s) to represent him in this matter and is entitled to an award of reasonable fees and costs pursuant to 42 U.S.C. § 1988.

38.    Plaintiff is entitled to a jury trial.

/s/  Brook Reinhard
Brook Reinhard (OSB #094823)
Reinhard Law
188 W. B Street, Bldg. P
Springfield, OR 97477
458-240-2009
brook@reinhard.law

8 – COMPLAINT